IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM BROWN,**

                **Plaintiff,**

    v.                                      CASE NO. 06-3183-SAC

**PITTSBURG KANSAS POLICE DEPARTMENT,**

                **Defendant.**

## O R D E R

This matter is before the court on a pro se civil complaint and motion for appointment of counsel, filed by a prisoner confined in the Crawford County Jail in Girard, Kansas.

*District Court Filing Fee*

Plaintiff neither paid the $350.00 district court filing fee required under 28 U.S.C. § 1914, nor submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. The court grants plaintiff additional time to satisfy one of these statutory requirements. The failure to file a timely response may result in the complaint being dismissed without prejudice for nonpayment of the district court filing fee.

*Screening of the Complaint*

Plaintiff states he was subjected to the use of excessive force in March 2005 by an Officer Gregg, and required to pay the the medical costs incurred from his resulting injuries. Plaintiff also appears to contend he was unlawfully released instead of being

confined on a warrant.

The court liberally construes the complaint as seeking relief under 42 U.S.C. § 1983 for the alleged violation of plaintiff's constitutional rights. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(pro se pleadings are to be liberally construed); Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999)(same). Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). Having reviewed the limited information presented in plaintiff's complaint, the court finds no claim for relief under 42 U.S.C. § 1983 is stated in plaintiff's allegations.

The sole defendant named in the complaint is the Pittsburg, Kansas, police department. Even assuming this defendant is a governmental entity amenable to being sued, plaintiff alleges no deprivation of his constitutional rights pursuant to a departmental policy or custom. See Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(liability against a governmental entity is prohibited absent a showing of a causal link between an official policy or custom and the plaintiff's injury). Additionally, a municipal entity cannot be held liable based on a respondeat

superior theory for the constitutional tort of one of its employees. City of Canton v. Harris, 489 U.S. 378, 385 (1989); St.Louis v. Praprotnik, 485 U.S. 112, 122-23 (1988).

Accordingly, the court finds the complaint is subject to being summarily dismissed absent amendment of the complaint to state a claim upon which relief can be granted under 42 U.S.C. § 1983. The amended complaint is to be filed on a form complaint, and is to state the claim(s) being raised and relief being sought, and to set forth each defendant's personal participation in the alleged misconduct. See D.Kan. Rule 9.1(court forms to be used by prisoner litigants). See also Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a section 1983 claim.").

Plaintiff's motion for appointment of counsel is denied without prejudice to plaintiff renewing this request once he has satisfied the district court filing fee or obtained leave to proceed in forma pauperis without prepayment of district court filing fee, and once he has filed an amended complaint that is not subject to being summary dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to pay the $350.00 district court filing fee, or to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint as directed by the court to avoid summary dismissal of the complaint as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment

of counsel (Docs. 2 & 3) is denied without prejudice.

The clerk's office is to provide plaintiff with court forms for filing under 42 U.S.C. § 1983 and 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 14th day of July 2006 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge