```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**WILLIAM BROWN,**

                       **Plaintiff,**

      v.                                  **CASE NO. 06-3183-SAC**

**PITTSBURG KANSAS POLICE**
**DEPARTMENT, et al.,**

                       **Defendants.**


### **O R D E R**

Plaintiff, a prisoner confined in the Crawford County Jail in Girard, Kansas, proceeds pro se on a civil complaint the court liberally construed as seeking relief under 42 U.S.C. § 1983 for the alleged violation of plaintiff's constitutional rights. Before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this civil action.

Under the Prison Litigation Reform Act enacted April 26, 1996, a prisoner is required to pay the full filing fee in this civil action. Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered plaintiff's pleadings, the court assesses no initial partial filing fee due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Plaintiff seeks damages on a claim that he was subjected to the use of excessive force by Officer Gordon Gray during plaintiff's arrest in March 2005 when Officer Gray struck plaintiff in the head with his fist. Plaintiff states Officer Gray was subsequently fired, and the assault was submitted for criminal review. Plaintiff also appears to seek damages for being "unarrested" after the assault to make plaintiff responsible for his medical bills, and then "rearrested."

The original complaint named the Pittsburg Police Department as the sole defendant. Because the police department was not a legal entity that could sue or be sued, the court directed plaintiff to amend the complaint to avoid dismissal of this action as stating no claim for relief. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief). In response, plaintiff filed an amended complaint that names Officer Gray and the Pittsburg Police Department as defendants.

To the extent plaintiff seeks damages for being "unarrested" and held responsible for the cost of medical treatment, the court dismisses any such claim for damages because plaintiff's allegations present no cognizable claim of constitutional

deprivation upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

The court also dismisses the Pittsburg Police Department as a party to this action.  Plaintiff continues to name the police department as a defendant in the amended complaint, but does not address any of the legal problems identified by the court in its previous order.  Because this defendant is not an entity that can be sued, plaintiff's allegations state no claim upon which relief can be granted against this defendant.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

The court finds plaintiff's claim of police brutality, construed in the light most favorable to plaintiff, is sufficient to warrant a response from defendant Gray.  To facilitate service of court prepared summons or waiver of service of summons forms, plaintiff is directed to supplement the record with information regarding this defendant's location or address.

IT IS THEREFORE ORDERED that plaintiff's motions for leave to proceed in forma pauperis (Docs. 10 and 11) are granted, and that collection of the $350.00 district court filing fee is to proceed through automatic payments from plaintiff's inmate account, as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the Pittsburg Police Department is dismissed without prejudice as a party in this action.

IT IS FURTHER ORDERED that plaintiff's renewed motions for appointment of counsel (Docs. 8 and 9) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

days to supplement the record to provide information regarding the location and address of defendant Gordon Gray for the purpose of facilitating service of process on this defendant.

**IT IS SO ORDERED.**

DATED:  This 21st day of November 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge