```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**WILLIAM BROWN,**

                **Plaintiff,**

      v.                                    CASE NO. 06-3183-SAC

**PITTSBURG KANSAS POLICE**
**DEPARTMENT, et al.,**

                **Defendants.**

### O R D E R

    Plaintiff, a prisoner confined in the Crawford County Jail in Girard, Kansas, proceeds pro se and in forma pauperis on an amended complaint which the court has liberally construed as seeking relief under 42 U.S.C. § 1983 for the alleged violation of plaintiff's constitutional rights.

    Plaintiff seeks damages on a claim that he was subjected to the use of excessive force by Officer Gordon Gray during plaintiff's arrest in March 2005 when Officer Gray struck plaintiff in the head with his fist. Plaintiff states Officer Gray was subsequently fired, and the assault was submitted for criminal review. Plaintiff also appears to seek damages for being "unarrested" after the assault to make plaintiff responsible for his medical bills, and then "rearrested."

    By an order dated November 21, 2006, the court dismissed without prejudice the Pittsburg Police Department as a defendant in this action because the police department itself is not an entity

that can be sued.  The court also dismissed any claim for damages based on plaintiff's allegations of being "unarrested" and held responsible for the cost of medical treatment, as these allegations presented no cognizable claim of constitutional deprivation upon which relief can be granted under 42 U.S.C. § 1983.

The court further found plaintiff's allegations of police brutality were sufficient to warrant a response from defendant Gray, and directed plaintiff to supplement the record with information regarding this defendant's location or address to facilitate the service of court prepared summons or waiver of service of summons forms to this defendant.  Plaintiff has filed no response.

Accordingly, the court directs plaintiff to show cause why the amended complaint should not be dismissed without prejudice, based upon the absence of any information for effecting service of process to the remaining defendant named in the amended complaint.[1]

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 20th day of December 2006 at Topeka, Kansas.

                          s/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge

---

[1] Plaintiff is reminded that a two year limitations period applies to actions seeking relief under 42 U.S.C. § 1983.  *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).